RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED YES
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. Kim Arend
DATE 12/30

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
[ILLEGIBLE] OFFICE

2003 DEC 30 P 2:51

U.S. DISTRICT COURT
DISTRICT OF MASS.

THERESA ROMANO,
L.R. BLAKE TRUST, and
CONCETTA ROMANO
         Plaintiffs

V.

ARBELLA MUTUAL INSURANCE
COMPANY
         Defendant

**COMPLAINT**

03-12626MLW

MAGISTRATE JUDGE Alexander

## PARTIES

1. Plaintiff, L.R. Blake Trust, is a real estate trust established in 1984, with Concetta Romano as the Trustee.

2. Plaintiff, Concetta Romano, is an individual residing in Nashua, Hillsborough County, New Hampshire.

3. Plaintiff, Theresa Romano, is an individual residing in Nashua, Hillsborough County, New Hampshire. Ms. Romano has durable power of attorney to act on behalf of her sister, Concetta Romano, and also has a separate policy of insurance pertaining to her personal property.

4. Defendant, Arbella Mutual Insurance Company ("Arbella") is an insurance company with a principal place of business in Lakeville, Plymouth County, Massachusetts.

## JURISDICTION

5. Jurisdiction is established by 28 U.S.C. § 1332. The amount of controversy exceeds $75,000. Plaintiff invokes the pendant jurisdiction of this Court to hear state contract claims.

## COUNT I

### (BREACH OF CONTRACT)

6. Plaintiffs repeat, reallege and incorporate by reference as if set forth hereto in their entirety Paragraphs 1 through 5 of this Complaint.

7. At all times mentioned Plaintiff, Concetta Romano, was the owner of a certain premises located at 49 Bowdoin Avenue, Dorchester, Suffolk County, Massachusetts ("Subject Premises").

8. Plaintiffs had policies of insurance with Defendant pertaining to the residence and personal property located at the Subject Premises. (Policy Nos. 83217400000 and 03234400001 ("Policies").

9. In consideration of the premium paid to it by Plaintiffs, Defendant executed and delivered to Plaintiffs its Policy of Fire Insurance in the usual and standard form and thereby insured the three-story frame dwelling erected and standing on the Premises owned by Plaintiffs against all loss by fire.

10. On or about January 1, 2002, the dwelling portion of Subject Premises was insured in the amount of $311,000; the personal property was insured in the amount of $217,700, and $62,000 was provided for in the event of loss of use of the property. The Policies also provided for an additional $20,000 in personal property coverage.

11. Defendant, by its Policies of fire insurance, issued in the usual and standard form, promised and agreed to insure against all loss or damage by fire.

12. On or about January 1, 2002, the Subject Premises was severely damaged by fire.

13. The fire did not occur from any of the causes excepted in the Policy.

14. As a result of the fire damage, the Subject Premises was no longer inhabitable.

15. Plaintiffs immediately notified Defendant of the loss in accord with the terms and conditions of the Policy.

16. Plaintiffs have cooperated with Defendant in accord with the terms and conditions of the Policy.

17. The estimated cost for replacement of the Subject Premises, prepared by Seltser & Seltser Public Adjusters, Inc., is $418,853.67.

18. The estimated replacement cost of the personal property, prepared by Seltser & Seltser Public Adjusters, Inc., is $56,589.48.

19. To date, Defendant has failed to pay Plaintiffs any money for the costs to repair or rebuild the Subject Premises in accord with the Policies' terms and conditions.

20. Defendant has failed to pay Plaintiffs for the replacement value of the personal property in accord with the Policies' terms and conditions.

21. Defendant has failed to provide for the reasonable and necessary additional living costs for Plaintiff in accord with the Policies' terms and conditions.

22. Plaintiffs have performed all conditions required of them by the Policies and by the law and all conditions precedent to recovery under the Policies have occurred.

23. On March 7, 2003, Defendant denied Plaintiffs' claim under the Policies.

## COUNT II

## (VIOLATION OF G.L.c.93A AND G.L.c.176D)

24. Plaintiffs repeat, reallege and incorporate by reference as if set forth hereto in their entirety Paragraphs 1 through 23 of this Complaint.

25. Defendant has failed to make payment due to Plaintiffs in a prompt, fair and equitable manner and in accord with G.L. c.93A and G.L. c.176D, and in so doing Defendant's actions constitute unfair and/or deceptive acts and/or practices.

26. As a result of Defendant's actions and unfair and/or deceptive acts or practices Plaintiffs have suffered a loss of money due to them and severe emotional distress.

WHEREFORE, Plaintiffs demand that this Court award the following:

1. Compensation for the loss of money owed to them;
2. triple damages in accordance with G.L. c.93A and G.L. c.176D;
3. interest;
4. costs associated with the prosecution of this case;
5. reasonable attorney fees; and
6. all such other relief the Court deems proper and just.

PLAINTIFFS DEMAND A TRIAL BY JURY

                    PLAINTIFFS,
                    By Their Attorneys,

                    STEPHEN HRONES
                    BBO#242860
                    Hrones & Garrity
                    Lewis Wharf – Bay 232
                    Boston, Massachsusetts 02110
                    (617) 227-4019

                    AUSTIN J. FREELEY
                    BBO# 563349
                    221 Lewis Wharf
                    Boston, MA 02110
                    (617) 723-9538

Dated: December 29, 2003