UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THERESA ROMANO, <br> L.R. BLAKE TRUST and <br> CONCETTA ROMANO, <br><br> Plaintiffs, <br><br> V. <br><br> ARBELLA MUTUAL <br> INSURANCE COMPANY, <br><br> Defendant. | CIVIL ACTION NO. 03-12626MLW |

## ANSWER OF DEFENDANT, ARBELLA MUTUAL INSURANCE COMPANY

NOW COMES the defendant, Arbella Mutual Insurance Company and responds to the plaintiffs' Complaint with the following:

### PARTIES

1. The defendant is without sufficient knowledge to admit or deny the averments of this paragraph.

2. The defendant is unable to admit or deny the current residence of Concetta Romano.

3. The defendant is unable to admit or deny the current residence of Theresa Romano and whether she has a durable power of attorney to act on behalf of her sister. The defendant admits that Theresa Romano had a policy of insurance written by Arbella Mutual Insurance Co. that was in effect on January 1, 2002.

4. The defendant admits the allegations contained in this paragraph.

### JURISDICTION

5. This paragraph does not call for a responsive pleading.

## COUNT I - Breach of Contract

6. The defendant realleges paragraphs 1 through 5 and incorporates them as if more fully set forth herein.

7. The defendant denies the allegations contained in this paragraph. In further answering, the defendant asserts that it believes that the subject property was owned by the LR Blake Trust of which Concetta Romano was the Trustee.

8. The defendant admits that the LR Blake Trust with Concetta Romano, Trustee, had a policy of insurance written by Arbella Mutual Insurance Company, policy no. 83217400000 with certain coverage and said policy documents speak for themselves. The defendant further admits that Theresa Romano had a policy of insurance written by Arbella Mutual Insurance Co., policy no. 03234400001 with certain coverages more fully set forth in the policy itself. The defendant asserts that both policies were in full force and effect on January 1, 2002.

9. The defendant admits that premiums were paid for the policies identified in paragraph no. 8 and that a fire policy as authorized by statute in the Commonwealth of Massachusetts, General Laws Chapter 175, Section 99 was issued. The defendant further admits that the policy issued to the LR Blake Trust provided several coverages including dwelling coverage. Otherwise, the defendant denies the averments of this paragraph.

10. The defendant admits that there were different coverages as provided to each of the policies and that the coverage limits are as set forth in the respective policies. Otherwise, the defendant denies the averments of this paragraph.

11. The defendants admit that the policy terms and conditions provided coverage certain to said terms and conditions along with an exclusion to said policies. Otherwise, the defendant denies the averments of this paragraph.

12. The defendant admits the allegations contained in this paragraph.

13. The defendant denies the allegations contained in this paragraph.

14. The defendant admits the allegations contained in this paragraph.

15. The defendant admits that they were notified of the loss but otherwise deny the averments of this paragraph.

16. The defendant denies the allegations contained in this paragraph.

17. The defendant admits that the public adjuster retained by the plaintiff estimated the damages and said documents speak for themselves. Otherwise the defendant denies the averments of this paragraph.

18. The defendant admits that the public adjuster retained by the plaintiff determined the value of personal property that was damaged as a result of the subject fire and said documents speak for themselves. Otherwise, the defendant denies the averments of this paragraph.

19. The defendant admits that to date it has not paid the plaintiffs any monies for this loss. Otherwise, the defendant denies the averments of this paragraph.

20. The defendant admits that it has not made any payments to the plaintiffs for any coverages provided in the subject insurance policy. Otherwise, the defendant denies the averments of this paragraph.

21. The defendant admits that it has not made any payments to the plaintiffs under the said policies. Otherwise, the defendant denies the averments of this paragraph.

22. The defendant denies the allegations contained in this paragraph.

23. The defendant admits that it has disclaimed coverage for all claims under each of these two policies by letter of March 7, 2003.

### COUNT II - Violation of G.L. c.93A and G.L. c176D

24. The defendant realleges paragraphs 1 through 23 and incorporates them as if more fully set forth herein.

25. The defendant denies the allegations contained in this paragraph.

26. The defendant denies the allegations contained in this paragraph.

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that Count I fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that Count II fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant asserts that the plaintiffs have failed to comply with the procedural requirements pursuant to General Laws Chapter 93A, Section 9 and accordingly all claims asserted under Count II of the plaintiffs' Complaint are barred.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant asserts that the plaintiffs have breached the requirements of the policy that the property not be unoccupied or vacant for a period of 60 days. Said language is contained under the special provision for Massachusetts policies. The defendant asserts that there is a lack of sustained presence of residents for said period of time thereby precluding coverage for the subject loss.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant asserts that the plaintiffs have breached the cooperation clause of each of these policies and accordingly the plaintiffs are barred from recovery.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant asserts that Theresa Romano, at all times material hereto, in her dealings with Arbella Mutual Insurance Co. after the subject loss, was acting for an on behalf of her sister Concetta Romano pursuant to documents authorizing her to so act. Accordingly, the defendant asserts that each action of Theresa Romano in her dealings with Arbella Mutual Insurance Co. is also binding upon her sister Concetta Romano as a claimant and trustee of the LR Blake Trust.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant asserts that the plaintiffs were obligated to provide records and documents pursuant to the policies of insurance written, and, in conformity with General Laws Chapter 175, Section 99. The plaintiffs have breached the covenants and conditions of the policies by failing to provide relevant documents that were reasonably and seasonably requested.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant asserts that the plaintiff have breached the concealment or fraud provisions of each of these policies and accordingly the plaintiffs are barred from recovery since they have made false statements and/or misrepresented material facts or circumstances and/or intentionally concealed material facts and circumstances.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant asserts that the actions of the plaintiffs in failing to cooperate with Arbella Mutual Insurance Co. has caused prejudice to Arbella Mutual Insurance Co. and therefore bars the plaintiffs from recovery.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant asserts that the actions of the plaintiffs in failing to cooperate with Arbella Mutual Insurance Co. has caused actual prejudice to Arbella Mutual Insurance Co. and therefore bars the plaintiffs from recovery.

### ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant asserts that the plaintiffs have failed to comply with all the terms and conditions of the subject insurance policies and therefore they are barred from recovery under said policies.

### TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant asserts that its actions at all times material hereto have been reasonable and the defendant denies that any of its actions were in violation of either General Laws Chapter 93A or General Laws Chapter 176D.

For all the above reasons the defendant asserts that this Honorable Court should dismiss the plaintiffs' Complaint with prejudice and with costs.

### THE / DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted,

The defendant,
ARBELLA MUTUAL INSURANCE CO.
By its attorney,

DATED: 2/9/04

Lewis C. Eisenberg, Esq. / BBO #152140
OSGROVE, EISENBERG and KILEY, PC
803 Hancock Street - P.O. Box 189
Quincy, MA 02170
(617) 479-7770

CERTIFICATE OF SERVICE

I certify that on this date a copy of the within document was served on the attorneys of record via first-class mail.

*[signature]*

LEWIS C. EISENBERG
DATED: 2/5/04