UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2003-CV-12626-JLA

THERESA ROMANO, L.R. BLAKE TRUST,
and CONCETTA ROMANO,
Plaintiffs

V.

ARBELLA MUTUAL INSURANCE CO.,
Defendant

**ORDER ON**

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

ALEXANDER, M.J.

This is an action by plaintiffs Theresa Romano, Concetta Romano, and L.R. Blake Trust (collectively, the "plaintiffs") against defendant Arbella Mutual Insurance Co. ("Arbella") for breach of an insurance contract. The plaintiffs' claims against Arbella arise out of Arbella's disclaimer of coverage for losses claimed by the plaintiffs resulting from a fire. Two fire insurance policies (the "policies") issued by Arbella to the plaintiffs were in effect in 2002 when a fire occurred at property located at 49 Bowdoin Avenue, Dorchester, Massachusetts. Property covered by the policies was severely damaged.[1]

---

[1] Arbella issued one policy of fire insurance to the L.R. Blake Trust (the "Trust" policy) that provided coverage to the Bowdoin Avenue property owned by the Trust. Arbella issued a separate policy of fire insurance to Theresa Romano (the "Romano" policy) that provided coverage for personal property. The plaintiffs' complaint indicates that both real and personal property was damaged in the fire. Both policies are therefore relevant to this dispute; the pertinent language in the policies appears to be the same.

After the plaintiffs provided notice of the loss to Arbella, Arbella commenced an investigation. In March 2003, Arbella disclaimed coverage on the basis that the plaintiffs breached the insurance policies by failing to cooperate with Arbella's investigation. The plaintiffs thereafter commenced this action and Arbella, in turn, moved for summary judgment.

Arbella contends, correctly, that, pursuant to Massachusetts law, an insured has a duty to cooperate with an insurer's investigation of a claimed loss. Mass. Gen. Laws ch. 175, § 99 (2002).[2] See also Mello v. Hingham Mut. Ins. Co., 421 Mass. 333, 336 (1995); Rymsha v. Trust Ins. Co., 51 Mass. App. Ct. 414, 417 (2001). Failure to cooperate, combined with a showing of actual prejudice to the insurer, is grounds for denial of insurance coverage. Metlife Auto & Home v. Cunningham, 59 Mass. App. Ct. 583, 590 (2003). The duty to cooperate, in turn, may include both submitting to a reasonably requested examination under oath and producing documents relevant to the claimed loss. Rymsha, 51 Mass. App. Ct. at 417.

Although Theresa Romano did submit to an examination under oath, the plaintiffs

---

[2]Massachusetts General Laws ch. 185, § 99, states, in relevant part, that fire insurance policies in Massachusetts must contain the following or similar language:

> The insured, as often as may be reasonably required, shall . . . submit to examinations under oath by any person named by this company, and subscribe the same; and, as often as may be reasonably required, shall produce for examination all books of account, bills, invoices and other vouchers, or certified copies thereof if originals be lost, at such reasonable time and place as may be designated by this company or its representative, and shall permit extracts and copies thereof to be made.

have failed to provide certain documents that Arbella argues are relevant to its investigation of the plaintiffs' claim. Specifically, Arbella seeks certain financial information that the plaintiffs have repeatedly failed to produce. Although the plaintiffs argue that the financial information in question is not relevant to Arbella's investigation, the Court does not agree. Therefore, at the hearing on this motion held before the Court on October 7, 2004, the Court directed the parties to confer, immediately following the hearing, regarding the documents that Arbella seeks. The plaintiffs were further directed by the Court to provide those documents to Arbella within thirty days of the date of the hearing, or by November 5, 2004. The Court also indicated that if the parties have trouble reaching an agreement about what documents the plaintiffs are to produce, that the parties may return to Court for further guidance.

Additionally, Arbella has argued that the plaintiffs failed to cooperate by concealing information regarding the occupancy of the Bowdoin Avenue property prior to the fire. Although the Court is not satisfied that the plaintiffs have adequately responded to the issue, the Court, in light of its decision to deny the defendant's motion, without prejudice, and allow the plaintiffs thirty days to produce the requested documents, does not reach the issue at this time. Arbella's motion for summary judgment is DENIED, without prejudice. Should the plaintiffs fail to produce the requested documents within the required time frame, Arbella may seek further consideration of its motion.
SO ORDERED.

10/21/04
Date

_Joyce L. Alexander_
United States Magistrate Judge