UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THERESA ROMANO, L.R. BLAKE TRUST, and<br>CONCETTA ROMANO,<br><br>    Plaintiffs<br><br>v.<br><br>ARBELLA MUTUAL INSURANCE CO.,<br><br>    Defendant | )<br>)<br>)<br>) Civil Action No.<br>) 03-12626MLW<br>)<br>)<br>)<br>)<br>) |

## CONCISE STATEMENT OF MATERIAL FACTS FOR RENEWED MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1, Defendant Arbella Mutual Insurance Company's ("Arbella") submits the following concise statement of material and undisputed facts in support of its renewed motion for summary judgment. All cites to the Eisenberg Affidavit refer to the affidavit submitted in support of Defendant's Motion for Summary Judgment, filed August 4, 2004.

1. The Plaintiffs have two Arbella policies for fire insurance that pertain to the real and personal property located at 49 Bowdoin Avenue, Boston, Massachusetts ("the Subject Premises"). Affidavit of Lewis C. Eisenberg, dated August 3, 2004, ¶¶ 4, 5, Exhs. C and D (hereinafter "Eisenberg Aff. ¶ __, Exh. __"); Answer ¶ 9.

2. On or about January 1, 2002, a fire occurred at 49 Bowdoin Avenue. Complaint ¶ 12; Answer ¶ 12.

3. The preliminary finding of the Boston Fire Department is that the fire of January 1, 2002 at the Subject Premises was caused by arson. Eisenberg Aff. ¶ 6, Exh. E.

4. Arbella was notified of the fire and resulting damage at the Subject Premises. Complaint ¶ 15; Answer ¶ 15.

5. Arbella investigated cause and circumstance of the fire, and also concluded that the cause of the fire was arson. Eisenberg Aff. ¶ 9, Exh. H.

6. At all times relevant to the investigation, Theresa Romano is considered to have spoken on behalf of herself, her sister, who is mentally disabled, and on behalf of the L.R. Blake Trust. Eisenberg Aff. ¶¶ 2, 9, Exhs. A, H.

7. The investigation included an investigator's interview of Theresa Romano and, pursuant to the policy, an examination under oath of Theresa Romano. Exhibit C to Affidavit of Nicholas A. Kenney, dated January 19, 2005, ¶ 4 (hereinafter "Kenney Aff. ¶ ___, Exh. ___"); Eisenberg Aff. ¶ 3, Exh. B.

8. Also as part of the investigation, Arbella repeatedly requested that the Plaintiffs provide certain documents, which were listed in Schedule A of the Notice of Examination under Oath. Eisenberg Aff. ¶¶ 7-9, Exhs. F, G, and H.

9. The Plaintiffs did not provide Arbella with the relevant and necessary financial documents until this Court order them to do so. See Order on Defendant's Motion for Summary Judgment, dated October 21, 2004, p. 2-3 ("October Order").

10. On March 7, 2003, Arbella disclaimed coverage of the Subject Premises on grounds of lack of cooperation and misrepresentation. Eisenberg Aff. ¶ 9, Exh. H.

11. On October 17, 2003, Plaintiffs sent Arbella a 93A demand letter. Kenney Aff. ¶ 2. Exh. A.

2

12. On November 13, 2003 Arbella sent a letter in response to the 93A demand letter. Kenney Aff. ¶ 3, Exh. B.

                        Respectfully submitted,
                        ARBELLA MUTUAL INSURANCE COMPANY,
                        By its attorneys,

                        Lewis C. Eisenberg (BBO# 152140)
                        Nicholas A. Kenney (BBO# 650784)
                        COSGROVE, EISENBERG & KILEY, P.C.
                        803 Hancock Street --- P.O. Box 189
                        Quincy, MA 02170
                        tel: 617.479.7770

Dated: January 19, 2005

**CERTIFICATE** **SERVICE**
I hereby certify that on ... a true copy of the above document wa... ...n the attorney of record for each part... ...es Mail...
Date: 1/17/05
            N...
              A. KENNEY