UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 JAN 19 P 2: 46

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| THERESA ROMANO, L.R. BLAKE TRUST, and CONCETTA ROMANO, | ) ) ) |
| Plaintiffs | ) Civil Action No. ) 03-12626MLW |
| v. | ) ) |
| ARBELLA MUTUAL INSURANCE CO., | ) ) |
| Defendant | ) ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

Pursuant to F.R.C.P. 56(b), Defendant Arbella Mutual Insurance Co. ("Arbella") hereby renews its motion for summary judgment as to Plaintiffs' claims. As grounds for summary judgment, Arbella argues that 1) as a matter of law, Arbella has not violated M.G.L. c. 93A and c. 176D, the statutes governing unfair claims settlement practices; and 2) Plaintiffs only provided documents that this Court found were relevant and necessary to the claim investigation after this Court ordered them to do so, and this is not sufficient to satisfy the cooperation clause, as interpreted in Rymsha v. Trust Insurance Co., 51 Mass.App.Ct. 414, 417-19, 746 N.E.2d 561 (2001).

Accordingly, Arbella seeks summary judgment dismissing all of Plaintiffs' claims. In support of its motion, Arbella states as follows.

### STATEMENT OF FACTS

For more detailed background of the case facts, please refer to the fact section of Defendant's Motion for Summary Judgment, filed on August 4, 2004. For the purposes of this renewed motion for summary judgment there is no genuine dispute concerning the

following material facts, which are taken from the pleadings, affidavits, and the examination under oath in this matter. All cites to the Eisenberg Affidavit refer to the affidavit submitted in support of Defendant's Motion for Summary Judgment, filed August 4, 2004.

The L.R. Blake Realty Trust, Theresa Romano and Concetta Romano ("Plaintiffs") have two Arbella fire insurance policies, pertaining to real and personal property located at 49 Bowdoin Avenue, Boston, MA ("the Subject Premises"). Complaint ¶ 8; Answer ¶ 8. Plaintiffs sought coverage under these policies for a fire that occurred at the Subject Premises on January 1, 2002. Complaint ¶¶ 12-26.

The Boston Fire Department investigator concluded that the fire was the result of arson. Eisenberg Aff. ¶ 6, Exh. E (N.B. The term "incendiary" on row L of Field Incident Report). Arbella conducted its own investigation and also concluded the fire was caused by arson. Eisenberg Aff. ¶ 9, Exh. H at p. 2. Plaintiffs have not disputed that the fire was the result of arson. See Plaintiffs' Opposition to Defendant's Motion for Summary Judgment.

Also as part of its investigation Arbella repeatedly requested documents relevant and necessary to investigate the claim. Eisenberg Aff. ¶ 3, Examination under Oath of Theresa Romano ("EUO") p. 63, Exhs. 6, 7; see also Eisenberg Aff. ¶ 8, Exhs. F and G. Plaintiffs did not provide the documents in response to these requests. Order on Defendant's Motion for Summary Judgment, dated October 21, 2004 ("October Order"), p. 2-3.

Any delay in Arbella providing a coverage position was directly attributable to Plaintiffs' failure to provide the necessary documents. Eisenberg Aff. ¶ 9, Exh. H; Exhibit B to Affidavit of Nicholas A. Kenney, dated January 19, 2005 ¶ 3 (hereinafter

"Kenney Aff. ¶ __, Exh. __"). Eventually Arbella concluded that Plaintiffs were not going to provide the documents, and thus had to disclaim coverage. Id.

On October 17, 2003, Plaintiffs sent a 93A demand letter to Arbella in response to Arbella's denial of coverage. Kenney Aff. ¶ 2, Exh. A. The demand letter stated that Arbella had violated c. 93A and c. 176D by 1) failing "to effectuate a prompt, fair, and equitable settlement of [the Plaintiffs'] claims in which liability has become reasonably clear in violation of G.L. c. 176D, § 3(9)(f)"; 2) failing "to provide a prompt, reasonable explanation of the basis for its denial of this claim in violation of G.L. c. 176D, § 3(9)(n)"; 3) questioning Ms. Romano on two occasions[1] examinations under oath in violation of c. 176D, § 3(9); and 4) failing "to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed" in violation of c. 176D, § 3(9)(e). Id.

Arbella responded to the demand letter in writing on November 13, 2003. Kenney Aff. ¶ 3, Exh. B.

On December 30, 2003, Plaintiffs filed a civil action against Arbella for breach of contract (Count I) and for unfair claim settlement practices (Count II). Complaint ¶¶ 6-26. Arbella filed an answer and moved for summary judgment on all counts on the grounds that Plaintiffs failed to cooperate in not providing the financial documents and Plaintiffs misrepresented and/or concealed material facts. Answer; Defendant's Motion for Summary Judgment, filed August 4, 2004.

This Court held a hearing on the motion for summary judgment on October 7, 2004. October Order, p. 3. The Court found that the documents were relevant, ordered

---

[1] One was an interview, not under oath, on April 2, 2002 conducted by Paul Mahoney of Gallagher, Mahoney & Associates at the law offices of Plaintiffs' then-counsel, Dane Shulman. Mr. Mahoney was not counsel, but an investigator for Arbella. At that interview Arbella reserved its right to conduct an examination under oath. The second examination was an examination under oath conducted by Arbella's counsel on July 24, 2002, again at Mr. Shulman's offices.

Plaintiffs to provide them within 30 days, and denied the motion for summary judgment without prejudice. Id. at p. 2-3. Subsequently, Plaintiffs provided the requested documents.

At a hearing on January 5, 2005, this Court stated that it would allow Arbella to renew its motion for summary judgment if it thought it necessary. Accordingly Arbella sets forth its argument below.

**ARGUMENT**

## Summary of Argument

First, in evaluating the sufficiency of the 93A/176D claim, the focus must be on the reasonableness of Arbella's disclaimer at the time it was made. At the time Arbella disclaimed it did not have the documents that this Court has agreed Arbella was entitled to have. Therefore, that disclaimer, which was based, in part, on the failure to provide those documents, cannot as a matter of law, constitute a violation of c. 93A or c. 176D since it was legally correct *at the time* it was made; furthermore, any delay in providing the coverage position was caused by Plaintiffs. Second, Rymsha establishes that even though Plaintiffs were willing to and did provide the requested documents, such court-enforced compliance does not satisfy their obligations under the cooperation clause.

## Summary Judgment Standard of Review

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir.1990) (quoting Fed.R.Civ.P. 56 advisory committee's note). Thus, summary judgment is appropriate as long as "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also, Podiatrist Ass'n, Inc. v. La Cruz Azul De Puerto Rico, Inc., 332 F.3d 6, 12-13 (1st Cir. 2003).

A motion for summary judgment should be granted in favor of the defendant when the evidence, taken in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and that the defendant is entitled to judgment as a matter of law. Local 369 Utility Workers v. NSTAR Elec. and Gas Corp., 317 F.Supp.2d 69, 72 (D.Mass. 2004), citing Rocafort v. IBM Corp., 334 F.3d 115, 119 (1st Cir. 2003).

## I.    AS A MATTER OF LAW, PLAINTIFFS CANNOT ESTABLISH THAT ARBELLA COMMITED ANY UNFAIR CLAIM SETTLEMENT PRACTICES.

The evidence, in the light most favorable to Plaintiffs, demonstrates that Plaintiffs have no basis for prevailing on a c. 93A and c. 176D claim, and that summary judgment should be granted.  See M. DeMatteo Const. Co. v. Century Indem. Co., 182 F.Supp.2d 146, 164 (D.Mass. 2001) (court granted summary judgment for insurer on 93A claim because "it is evident that 'a reasonable person, with knowledge of the relevant facts and law' would not necessarily conclude that the insurers were liable to the insured) (citations omitted); Lumbermens Mut. Cas. Co. v. Offices Unlimited, Inc., 419 Mass. 462, 468, 645 N.E.2d 1165 (1995) (court affirmed grant of summary judgment for insurer on 93A claim, reasoning that insurer's denial of coverage, based on legally correct interpretation of policy, could not support a 93A claim); Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co., 406 Mass. 7, 15, 545 N.E.2d 1156 (1989) (court affirmed grant of summary judgment for insurer on 93A claim where insurer acted in good faith in

denying coverage based on a plausible, although ultimately incorrect, interpretation of policy).

When a court considers a motion for summary judgment on a 93A claim, it must limit its scrutiny to the conduct specified in the 93A demand letter. <u>Entrialgo v. Twin City Dodge, Inc.</u>, 368 Mass. 812, 813, 333 N.E.2d 202 (1975). Plaintiffs' demand letter specifies four bases for the unfair claim settlement practice claim. (Kenney Aff. ¶ 2, Exh. A):

1.  failure "to effectuate a prompt, fair, and equitable settlement of [the Plaintiffs'] claims in which liability has become reasonably clear in violation of G.L. c. 176D, § 3(9)(f)";

2.  failure "to provide a prompt, *reasonable* explanation of the basis for its denial of this claim in violation of G.L. c. 176D, § 3(9)(n)" (emphasis in original);

3.  the questioning of Ms. Romano on two separate occasions; and

4.  failure "to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed" in violation of c. 176D, § 3(9)(e).

These bases, especially in light of this Court's October 21, 2004 ruling must founder. The first two alleged bases may be taken together. A plausible, reasoned legal position is outside the scope of the punitive aspects of the combined application of c. 93A and c. 176D. See <u>Guity v. Commerce Ins. Co.</u>, 36 Mass.App.Ct. 339, 343, 631 N.E.2d 75 (1994) (court entered judgment for insurer on 93A claim, in part, because insurer correctly determined that insured failed to cooperate in accordance with the policy).

Here, there is no dispute that Arbella made a legally correct coverage determination when it disclaimed coverage because Plaintiffs had not provided the requested financial documents that this Court has agreed should have been provided. See October Order, p. 3. Therefore, Plaintiffs cannot reasonably maintain that such conduct was unfair and deceptive in violation of c. 93A and c. 176D. See Guity, 36 Mass.App.Ct at 343; DeMatteo, 182 F.Supp.2d at 164.

Even assuming, *arguendo*, that Plaintiffs ultimately prevail on the contract claim that they are entitled to coverage, they will not be able to prevail as to whether Arbella was reasonable in disclaiming coverage because *at the time* Arbella disclaimed coverage it did not have the necessary cooperation from Plaintiffs that would have allowed it to do otherwise. See DeMatteo, 182 F.Supp.2d at 163-64 (court focused on the insured's conduct and knowledge at the time of the disclaimer); Boston Symphony, 406 Mass. at 14-15 (same).

Here, *at the time* Arbella disclaimed coverage Plaintiffs were in breach of the cooperation clause by not providing relevant financial documents.[2] This Court agreed that Arbella was entitled to those documents before it had to reach a coverage decision. See October Order, p. 3. In other words, this Court has already determined that Arbella's interpretation of the cooperation clause requiring the provision of relevant financial documents, was "legally correct" at the time of the disclaimer, and therefore the disclaimer can no longer support a c. 93A/176D claim. See October Order, p. 3; DeMatteo, 182 F.Supp.2d at 163-64; Lumbermens, 419 Mass. at 468. Therefore, the

---

[2] As to whether the Plaintiffs have "cured" that breach see Part II of Argument below.

March 7, 2003 disclaimer was inherently and indisputably reasonable, and cannot support Plaintiffs' 93A/176D claim. See id.[3]

As to the third basis, Plaintiffs assert that Arbella violated c. 176D by interviewing Ms. Romano twice. The demand letter elides the distinction between the two instances of questioning by calling them both "examinations." Kenney Aff. ¶ 2, Exh. A at p. 6. However, they were not both examinations under oath. The first was an interview by Arbella's investigator. Kenney Aff., ¶ 4, Exh. C. The interview, in part, led Arbella to decide that an examination under oath would be required. Eisenberg Aff. ¶ 3, EUO. Arbella's current counsel conducted that examination, which was in more detail, and, significantly, was under oath. Id. The initial interview was not under oath and therefore Ms. Romano was not subject to the pains and penalties of perjury. Kenney Aff., ¶ 4, Exh. C.

Arbella's conduct was inherently reasonable in terms of its investigation. See Lumbermens, 419 Mass. at 468-69 (court affirmed grant of summary judgment for insurer on 93A claim, in part, because there were no facts showing the insurer acted in bad faith); Guity, 36 Mass.App.Ct. at 344 ("An absence of good faith and the presence of extortionate tactics generally characterize the basis for a c. 93A—176D action"). There is no evidence that Arbella acted in bad faith or was attempting to burden Plaintiffs; rather all the evidence demonstrates that Arbella was conducting a reasonable

---

[3] No doubt the Plaintiffs will attempt to distinguish DeMatteo and other cases on the grounds that they involve 93A, § 11, rather than 93A, § 9, which is applicable in this case. Arbella maintains that in this case, this distinction between § 11 (which treats c. 176D violations as "evidence" of a § 11 violation) and § 9 (which has been interpreted to incorporate the 176D language) is meaningless since as a matter of law Arbella cannot be found to have violated c. 176D. See Ringquist v. Gaumond, 101 F.Supp.2d 55, 57 (D.Mass. 2000) (since as a matter of law, the court found no violation of Chapter 176D, § 3(9), it granted insurer's motion for summary judgment on the 93A, § 9 claim).

investigation of a fire insurance claim that it is undisputed was the result of arson, and therefore these allegations cannot support Plaintiffs' c. 93A/176D claim.    See id.

As to the fourth and final basis for the unfair insurance claims practices, Plaintiffs allege that Arbella was unreasonable in the time it took before it gave its coverage position. This allegation is legally and factually meritless. It lacks legal merit because, as a matter of law, the time Arbella took was not unreasonable. See Brandley v. U.S. Fidelity & Guar. Co., 819 F.Supp.101, 103-04 (D.Mass. 1993) (court granted summary judgment on 93A claim, ruling that delay of two years after claimant's initial notice was not unreasonable since part of the delay was caused by claimant's failure to follow-up);[4] Doe v. Liberty Mutual Ins. Co., 423 Mass. 366, 371-72, 667 N.E.2d 1149 (court affirmed grant of summary judgment for insurer on 93A claim on the grounds that there were no facts showing that delay of several months was the result of bad faith or was prejudicial to insured).

It lacks factual merit because any delay was caused by Plaintiffs refusal to provide the requested documents. See Brandley, 819 F.Supp. at 103-04; Eisenberg Aff., ¶ 9, Exh. H. Arbella repeatedly requested the documents, and was repeatedly ignored. Eisenberg Aff. ¶ 3, EUO, p. 63, Exhs. 6, 7; see also Eisenberg Aff. ¶ 8, Exhs. F and G. The requested financial documents were never provided until this Court ordered them to do so. See October Order, p. 2-3. It defies logic and the facts to allow Plaintiffs the opportunity to recover for a delay that they caused. See Brandley, 819 F.Supp. at 103-04; Doe, 423 Mass. at 371-72. Furthermore, Plaintiffs have no evidence that the time Arbella took to reach a coverage determination prejudiced them. See Doe, 423 Mass. at 372.

---

[4] This opinion was withdrawn and vacated due to a stipulated dismissal at Brandley v. U.S. Fidelity & Guar. Co., 1993 WL 327683 (D.Mass. 1993), but its reasoning is nevertheless still sound and it may serve as persuasive authority.

Thus, summary judgment is appropriate here since the facts and law show that there is no genuine issue of material fact and that the defendant is entitled to judgment as a matter of law; moreover, Plaintiffs cannot defeat this motion by relying upon an assertion that further discovery may turn up evidence of "bad faith." Boston Symphony, 406 Mass. at 15 (Supreme Judicial Court stated that summary judgment for insurer on 93A claim "was appropriate. The [insured] cannot rely upon its assertion that further discovery may turn up evidence of 'bad faith.'").

## II.    PLAINTIFFS DO NOT HAVE A POST-JUDGMENT RIGHT TO COMPLY WITH THE COOPERATION CLAUSE.

Plaintiffs, in providing the requested financial documents only after this Court ordered them to do so, have still breached the policy and therefore summary judgment on Count I should be granted. Rymsha, 51 Mass.App.Ct. at 418-19 (court explicitly states that insured did not have a right to comply with cooperation clause after court ruled that they should have provided the documents); see also, Lafleur v. Trust Ins. Co., 58 Mass.App.Ct. 1109, 2003 WL 21710455, ***1-2 (court implicitly recognized that insured's court-enforced compliance with cooperation clause would not satisfy duty to cooperate and stated that by failing to cooperate, the insureds forfeited the right to coverage under the policy) (this case is attached as Attachment 1 to this Memorandum); Yanis v. Metropolitan Property and Cas. Ins. Co., 2002 Mass.App.Div. 217, 2002 WL 31939043, *1-3 (2002) (court implicitly rejected insured's request to cooperate after the court determined the insured was in breach and affirmed motion for summary judgment for insurer because insured failed to provide pertinent financial documents) (this case is attached as Attachment 2 to this Memorandum).

It is undisputed that Plaintiffs failed to provide reasonably requested financial documents relevant to the claim. See October Order, p. 2-3. This Court agreed that the documents must be provided. Id. Moreover, it is now undisputed that Plaintiffs did have relevant records and documents that were not produced as requested. Thus, *at the time of the disclaimer*, it cannot be disputed that Plaintiffs had relevant documents, that those documents were not given to Arbella, and that Plaintiffs should have provided them. Plaintiffs have since provided the documents as a result of Arbella's motion for summary judgment. This Court suggests that this resolves the matter, but Arbella respectfully disagrees.

In Rymsha, the insured argued that providing the documents once the court ruled that the requests were reasonable should cure the breach of the non-cooperation clause. Rymsha, 51 Mass.App.Ct. at 418-19. The court disagreed, stating that "we do not see why Rymsha should be entitled to a judicial test-run on the issue of the reasonableness of Trust's requests for information where the law provides her with more than adequate remedies for any unreasonable, unfair, or illegal act by Trust." Id. at 419.

Similarly, in this case, Plaintiffs are not entitled to a judicial test-run on whether Arbella's request was reasonable. Plaintiffs should have provided the documents before the disclaimer; they did not, and it is too late to provide the documents now.

This result is warranted, in part, because a court must strictly construe the duty to provide any requested documents that are relevant to the claim and not privileged. See Mello v. Hingham Mutual Fire Ins. Co., 421 Mass. 333, 336, 656 N.E.2d 1247 (1995) ("It is the law in most jurisdictions that the submission to an examination, if the request is reasonable, is strictly construed as a condition precedent to the insurer's liability. . . . This

court agrees with these authorities.") (citations omitted); Rymsha, 51 Mass.App.Ct. at 417 ("We see no basis for a distinction between an obligation to submit to a reasonably requested examination under oath and the duty to produce documents pertinent to the claimed loss."). The policy reason for this strict construction of the cooperation clause is to encourage insureds to cooperate with their insurer, which would lead to the more prompt and efficient settlement of claims without resorting to the courts. See Rymsha, 51 Mass.App.Ct. at 417-19; Mello, 421 Mass. at 334-42.

### CONCLUSION

For the above stated reasons, Arbella requests the Court to grant its renewed motion for summary judgment on all counts.

### REQUEST FOR ORAL ARGUMENT

Arbella hereby requests that the Court grant oral argument on this motion.

Respectfully submitted,
ARBELLA MUTUAL INSURANCE COMPANY,
By its attorneys,

Lewis C. Eisenberg (BBO# 152140)
Nicholas A. Kenney (BBO# 650784)
COSGROVE, EISENBERG & KILEY, P.C.
803 Hancock Street --- P.O. Box 189
Quincy, MA 02170
tel: 617.479.7770

Dated: January 19, 2005

### CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served upon the attorney of record for each party by First-Class Mail. HAND
Date: 1/19/05

NICHOLAS A. KENNEY

12



# Westlaw.

792 N.E.2d 149 (Table)
58 Mass.App.Ct. 1109, 792 N.E.2d 149 (Table), 2003 WL 21710455 (Mass.App.Ct.)
**Unpublished Disposition**
**(Cite as: 58 Mass.App.Ct. 1109, 792 N.E.2d 149, 2003 WL 21710455 (Mass.App.Ct.))**

Page 1

NOTICE: THIS IS AN UNPUBLISHED OPINION.

Appeals Court of Massachusetts.

Thomas D. LAFLEUR, Jr., & another, [FN1]

FN1. Thomas D. Lafleur, Sr.

v.

TRUST INSURANCE COMPANY & another. [FN2]

FN2. Richard J. Nelligan Insurance Agency.

No. 01-P-794.

July 22, 2003.

## MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

***1 The plaintiffs appeal from the allowance of the defendants' motions for summary judgment and from the denial of their motion "pursuant to Rule 59(a) and (e) for new trial or alternatively, to alter or amend the judgments." We affirm the judgments and the order denying the plaintiffs' postjudgment motion.

*Background.* On November 7, 1997, a fire occurred at 401 Center Street, Raynham, premises for which Trust Insurance Company (Trust) had issued a homeowner's insurance policy to the plaintiffs, Thomas D. Lafleur, Jr., and his father, Thomas D. Lafleur, Sr. As a result of Trust's denial of their claim for losses incurred in the fire, the Lafleurs commenced this action on November 17, 1998, in the Superior Court, asserting that Trust and the Richard J. Nelligan Insurance Agency (Nelligan) had breached the insurance contract and had committed unfair claims settlement practices in

violation of G.L. c. 176D, § 3. Trust raised the Lafleurs' failure to fulfill their contractual and statutory duties as an affirmative defense and in its counterclaim for declaratory judgment.

On April 21, 2000, Trust moved for summary judgment on its counterclaim. Nelligan filed a separate motion, seeking the dismissal of the Lafleurs' two claims against it. After separate hearings, a judge allowed the motions. The same judge subsequently denied what should have been characterized as a postjudgment motion under Mass.R.Civ.P. 59(e), 365 Mass. 828 (1974). See *Pentucket Manor Chronic Hosp., Inc. v. Rate Setting Comm.,* 394 Mass. 233, 235-236 (1985). This appeal followed.

*Discussion.* Under Massachusetts law, the submission to an examination under oath, if the request is reasonable, is a condition precedent to recovery under the policy. See G.L. c. 175, § 99, Twelfth; *Mello v. Hingham Mut. Fire Ins. Co.,* 421 Mass. 333, 337 (1995). Similarly, compliance with an insurer's reasonable request for the production of pertinent documents is a condition precedent to the insurer's liability. [FN3] See *Rymsha v. Trust Ins. Co.,* 51 Mass.App.Ct. 414, 417 (2001). If the material facts are not in dispute, as in this case, the questions of reasonableness and materiality may be decided as matter of law. See *Mello v. Hingham Mut. Fire Ins. Co., supra; Rymsha v. Trust Ins. Co., supra* at 417-418.

> FN3. As herein relevant, the language of the policy states that after a loss, the insured, as often as the insurer reasonably requires, must (1) provide the insurer with records and documents and (2) submit to questions under oath.

Here, Trust's request that the Lafleurs submit to examinations was reasonable as matter of law. Presented with a thirteen page inventory of damaged or destroyed items, Trust was entitled to ascertain the validity and extent of the claim

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

792 N.E.2d 149 (Table)
58 Mass.App.Ct. 1109, 792 N.E.2d 149 (Table), 2003 WL 21710455 (Mass.App.Ct.)
Unpublished Disposition
(Cite as: 58 Mass.App.Ct. 1109, 792 N.E.2d 149, 2003 WL 21710455 (Mass.App.Ct.))

Page 2

through the questioning of the Lafleurs.

The correspondence in the summary judgment record demonstrates flexibility on the part of Trust and intransigence on the part of the Lafleurs. All attempts to find an acceptable date and location for the examinations were rebuffed by the Lafleurs. At no point prior to this litigation did the Lafleurs make themselves available for examinations. [FN4] This refusal was a material breach of the insurance contract. See *Ellis v. Safety Ins. Co.,* 41 Mass.App.Ct. 630, 638-639 (1996).

> FN4. After Trust denied the claim, the elder Lafleur agreed to sit for an examination, but only on the condition that Trust prune its "shopping list," an unwarranted demand as discussed below.

***2 There was no error in the judge's conclusion that the documents requested by Trust were material to the Lafleurs' contents claim. As part of its investigation of this particular fire loss, Trust was entitled to the production of any and all documents that might have shed light upon the occupancy of the insured premises, the residency and household status of the Lafleurs, and the ownership of the personal property. Trust was also entitled to obtain documents relating to the Lafleurs' financial status. See *Rymsha v. Trust Ins. Co.,* 51 Mass.App.Ct. at 417-418. Without meaningful explanation, the Lafleurs refused to produce any of the documents sought by Trust. [FN5] This blanket refusal constituted a second breach of the insurance policy. *Ibid.*

> FN5. By making a unilateral determination that the documents were irrelevant and refusing to show up for examinations on that basis, the Lafleurs risked placing themselves in breach of contract, as happened here. The safer course of action would have been for the Lafleurs to file a declaratory judgment action to resolve the document dispute. See *Rymsha v. Trust Ins. Co.,* 51 Mass.App.Ct. at 419 n. 3.

Having failed to comply with these two policy conditions, the Lafleurs forfeited the right to coverage under the policy.

It follows that the Lafleurs will be unable to show that they suffered an actual loss as a result of Nelligan's failure to present their claim properly to Trust or any other acts of alleged negligence by Nelligan. See *MacGillivary v. W. Dana Bartlett Ins. Agency, Inc.,* 14 Mass.App.Ct. 52, 57- 58 (1982). Summary judgment, therefore, was properly entered in favor of Nelligan. [FN6]

> FN6. In his written decisions allowing summary judgments, the judge did not specifically address the allegations of unfair claims settlement practices. Trust was entitled to summary judgment on these claims for the reasons discussed in *Employers Ins. of Wausau v. George,* 41 Mass.App.Ct. 719, 729-730 (1996) (where insurers correctly disclaimed coverage under policy, any unfair claims settlement practices could not have prejudiced the insureds).

There was no abuse of discretion in the denial of the Lafleurs' postjudgment motion under Mass.R.Civ.P. 59(e) to alter or amend the judgments, which challenged the correctness of the rulings underpinning the summary judgments. See *R.W. Granger & Sons, Inc. v. J & S Insulation, Inc.,* 435 Mass. 66, 79 (2001).

The judgments entered on Trust's and Nelligan's motions for summary judgment are affirmed. The order denying the Lafleurs' postjudgment motion is affirmed.
*So ordered.*

58 Mass.App.Ct. 1109, 792 N.E.2d 149 (Table), 2003 WL 21710455 (Mass.App.Ct.) Unpublished Disposition

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Date of Printing: JAN 19,2005

## KEYCITE

**LaFleur v. Trust Ins. Co., 58 Mass.App.Ct. 1109, 792 N.E.2d 149 (Mass.App.Ct., Jul 22, 2003) (TABLE, TEXT IN WESTLAW) NO. 01-P-794)**

### History

=>     1  **LaFleur v. Trust Ins. Co.,** 58 Mass.App.Ct. 1109, 792 N.E.2d 149 (Mass.App.Ct. Jul 22, 2003)
          (TABLE, TEXT IN WESTLAW, NO. 01-P-794)

© Copyright 2005 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64
058 914 668, or their Licensors. All rights reserved.

Westlaw.

2002 Mass.App.Div. 217                                                    Page 1
2002 Mass.App.Div. 217, 2002 WL 31939043 (Mass.App.Div.)
**(Cite as: 2002 WL 31939043 (Mass.App.Div.))**

**H**

Massachusetts Appellate Division, District Court
Department, Western District.

Hermis YANIS, Plaintiff/Appellee,
v.
METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,
Defendant/Appellant.

**No. 02WAD008.**

Heard Sept. 9, 2002.
Opinion Certified Dec. 24, 2002.

Insured brought action against his automobile
insurer for breach of insurance contract and
statutory violations, challenging insurer's denial of
his stolen car claim. The District Court Department,
Worcester Division, Robert L. Howarth, J., granted
summary judgment in favor of insurer. Insured
appealed. The District Court Department, Appellate
Division, Ripps, J., held that insured committed
material and substantial breach of insurance
contract, thereby permitting insurer to disclaim
liability on stolen car claim, when he attended
examination under oath but refused to comply with
insurer's requests for information.

Affirmed.

West Headnotes
**Insurance ☞3171**
217k3171 Most Cited Cases
**Insurance ☞3173**
217k3173 Most Cited Cases
Insured committed material and substantial breach
of automobile insurance contract, thereby
permitting insurer to disclaim liability on stolen car
claim, when he attended examination under oath but
refused to comply with insurer's request for his
income tax returns for three years, his social
security disability income information, and his car
keys; tax and social security information were
relevant to determination of whether insured had

financial motive to stage the loss, and insurer was
prejudiced by the failure to obtain reasonably
relevant information.
In Worcester District Court, Robert L. Howarth, J.,
No. 0062CV1868.

Meletios D. Chacharone, Glickman, Sugarman,
Kneeland & Gribouski, Worcester, MA, for
Plaintiff/Appellee.

Bruce Medoff, Nathan A. Tilden, Smith and Brink,
PC, Quincy, MA, for Defendant/Appellant.

Before RIPPS, RUTBERG and KOENIGS, JJ.

RIPPS, J.

*1 This appeal, [FN1] pursuant to Dist/Mun Cts.
R.A.D.A. Rule 8 C, challenges the judge's grant of
Summary Judgment for the defendant insurance
company on a stolen car claim on the ground that
the plaintiff failed to comply with its requests for
information.

> FN1. The previous appeal by
> Metropolitan raised the issue of whether
> the motion judge abused his discretion in
> allowing the plaintiff's Motion To Extend
> Time To File Notice of Appeal. We
> determined that he had not. 2002
> Mass.App. Div. 98.

The plaintiff, Hermis Yanis, owned a 1990
Cadillac Brougham which was insured by the
Metropolitan Property and Casualty Insurance
Company (Metropolitan). He parked it near his
residence in Worcester about 7:00 pm, October 7,
1999. Police found the car about 6:45 am the next
morning, before it had been reported missing,
smashed into wooden pole. They noted that the
ignition and steering column had been damaged,
and it did not appear that it could be started. Mr.
Yanis made a timely claim.

Metropolitan hired S.D. Lyons, experts in fraud
detection, auto fires, physical damage, mechanical

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2002 Mass.App.Div. 217
2002 Mass.App.Div. 217, 2002 WL 31939043 (Mass.App.Div.)
**(Cite as: 2002 WL 31939043 (Mass.App.Div.))**

Page 2

analysis and accident reconstruction to conduct an investigation. They reported that the steering column was unlocked, the engine could not be started and the gearshift could not be moved from park to any other gear without the use of a proper key.

Based upon the investigation, Metropolitan scheduled Mr. Yanis to appear for an examination under oath and to bring with him copies of his Federal and State Income Tax Returns from 1997 through 1999 and the keys to the motor vehicle. The examination occurred May 16, 2000. Mr. Yanis did not bring his tax returns or car keys, but agreed to provide them. During the examination, he disclosed that he had not been employed since 1998, that he had been receiving Social Security Disability Income, and that a few months before the theft, he had attempted to sell the car by advertising it in the paper for about a week. The examination was suspended pending Yanis's providing the income tax returns, disability information and the keys. On May 22, 2000, Metropolitan wrote to Yanis's counsel reiterating its request for the documents and keys. They were never provided. [FN2]

> FN2. The plaintiff suggests that he should be given a "postjudgment right to comply". See Plaintiff's Brief p. 11.

On October 12, 2000, Yanis commenced this action against Metropolitan alleging breach of an insurance contract and violations of c. 93A and 176D. The defendant filed a Motion for Summary Judgment on July 25, 2001. After hearing, it was allowed on September 7, 2001 with the notation on the docket sheet: "see *Rymsha v. Trust Inc.* [*Ins.*] *Co.* 51 Ma App 414 746 Ne2d 561 and *Mello v. Hingham Mut. Fire Ins. Co.* 421 Ma 333 656 N.E.2nd 1247". [FN3]

> FN3. The parties did not include copies of the materials seen by the motion judge, as required under Dist/Mun Cts. R.A.D.A. Rule 8 C. According to the Defendant's brief at p. 7 the policy states that: "We may require you ... to submit to an examination under oath" and that "[f]ailure to cooperate with us may result in the denial of your claim."

**\*2** The general principle is that summary judgment is to be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Dist./Mun. Cts. R. Civ. P. 56(c). *Community Nat'l Bank v. Dawes,* 369 Mass. 550, 553, 340 N.E.2d 877 (1976). The moving party bears the burden of affirmatively demonstrating both the absence of a triable issue and its entitlement to a judgment. *Pederson v. Time, Inc.,* 404 Mass. 14, 17, 532 N.E.2d 1211 (1989). In order for the judge to allow the motion, he had to have found as a matter of law that there was no factual dispute about whether the plaintiff failed to cooperate with the insurer, thereby breaching the policy.

An insured's failure to comply with a condition requiring an examination under oath constitutes a material and substantial breach of the insurance contract as a matter of law. *Cohen v. Commercial Casualty Ins. Co.,* 277 Mass. 460, 462, 178 N.E. 726 (1931), *Mello v. Hingham Mut. Fire Ins. Co.,* 421 Mass. 333, 337, 656 N.E.2d 1247 (1995) (complete failure to take examination on grounds of privilege against self-incrimination rejected), *Ellis v. Safety Ins. Co., supra* at 639, 672 N.E.2d 979.

The plaintiff agrees that the utter failure to attend an examination is a breach of the insurance contract. But, he argues, that because he did attend examination, he substantially complied with his duty, and his failure to provide "irrelevant and not pertinent" documents did not rise "to the level of a 'substantial and material' breach of that duty" *Ellis v. Safety Ins. Co.,* 41 Mass.App.Ct. 630, 638, 672 N.E.2d 979 (1996), quoting *Darcy v. Hartford Ins. Co.,* 407 Mass. 481 488, 554 N.E.2d 28 (1990). Further, he argues that an insurer may disclaim liability "only upon making an affirmative showing of actual prejudice resulting from the breach." *Ellis, supra,* at 638-639, 672 N.E.2d 979, quoting *Darcy, supra,* at 491, 554 N.E.2d 28.

Evidence is relevant, when it renders the desired inference more probable than it would have been without it. *Commonwealth v. Copeland,* 375 Mass. 438, 443, 377 N.E.2d 930 (1978), *Green v. Richmond,* 369 Mass. 47, 59, 337 N.E.2d 691 (1975). "Evidence need not establish directly the proposition sought; it must only provide a link in the chain of proof", *Commonwealth v. Tobin,* 392

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2002 Mass.App.Div. 217
2002 Mass.App.Div. 217, 2002 WL 31939043 (Mass.App.Div.)
(Cite as: 2002 WL 31939043 (Mass.App.Div.))

Page 3

Mass. 604, 613, 467 N.E.2d 826 (1984), and have a "rational tendency to prove an issue in the case." *Commonwealth v. LaCorte*, 373 Mass. 700, 702, 369 N.E.2d 1006 (1977). The documents requested need only be reasonably calculated to lead to the discovery of admissible evidence. Mass.R.Civ.P. 26(b)(1), *Hull Mun. Lighting Plant v. Massachusetts Mun. Wholesale Elec. Co.*, 414 Mass. 609, 615, 609 N.E.2d 460 (1993).

Whether an insured can attend the examination, but not give all the requested documents, was the issue in *Rymsha v. Trust Ins. Co.*, 51 Mass.App.Ct. 414, 746 N.E.2d 561, (2001). Therein, the plaintiff reported that while about to return from Florida to Massachusetts, someone had broken into her rental car and stolen expensive jewelry, electronic equipment, clothing, luggage, and golf clubs. None of the items were ever recovered. During an examination under oath, the insurance company asked her to provide it with documents concerning the annual gross incomes of her businesses, her individual tax returns from 1988 to 1994, credit card receipts and statements showing the purchase of items, any photographs of the items, and any documents from her businesses that indicated a history of insurance claims. These requests were reiterated in a letter from Trust to Rymsha, dated July 17, 1996, in which it was also stated that her failure to provide the requested information would prejudice Trust's ability to complete its investigation of her claim. She never provided the documents, but claimed the requested corporate and personal tax returns were not pertinent. The court found that the financial status of an insured can be relevant to an insurer's investigation of a claim, citing *Sidney Binder, Inc. v. Jewelers Mut. Ins. Co.*, 28 Mass.App.Ct. 459, 462-463, 552 N.E.2d 568 (1990) (in theft claim, evidence of insured's business affairs and personal finances relevant to show that insured had motive to stage burglary). The court further found no "distinction between an obligation to submit to a reasonably requested examination under oath and the duty to produce documents pertinent to the claimed loss." At 417, 746 N.E.2d 561.

**\*3** The *Rymsha* court then addressed the plaintiff's second contention: that the insurer failed to make any showing that it was prejudiced by her refusal to furnish documents pertinent to the investigation of

her claim, citing *Darcy v. Hartford Ins. Co., supra* at 490, 554 N.E.2d 28. The court held that if the insurer was required to make an affirmative showing that actual prejudice resulted from Rymsha's refusal to provide the requested documents, [FN4] such a showing was made.

> FN4. The court did not necessarily agree that a showing of prejudice was necessary, citing *Augat, Inc. v. Liberty Mut. Ins. Co.*, 410 Mass. 117, 122-123, 571 N.E.2d 357 (1991).

Rymsha's refusal to furnish the reasonably requested pertinent information put Trust in the untenable position of either paying the claim without question and without any means by which to investigate its validity, notwithstanding the circumstances and amount of the loss described in her unsworn statement and examination under oath testimony, or being sued for breach of contract and unfair acts and practices. We think the prejudice to Trust too obvious to warrant discussion. It is enough to state that Rymsha's blanket refusal to provide the reasonably requested documents even stymied Trust's ability to show actual prejudice. *Rymsha, supra,* at 418, 746 N.E.2d 561.
The allowance of defendant's Motion for Summary Judgment was affirmed.

Herein, as in *Rymsha,* the insured did participate in some of the examination, but failed to complete it by failing to provide pertinent financial information. In spite of slight factual variations, we see little difference between *Rymsha v. Trust Ins. Co.* and the present case. Both insurers sought to understand the claimant's financial picture to assess whether they had a financial motive to stage the loss. Herein, fewer tax years were asked for than in *Rymsha;* three years as opposed to six, so the tax information is more relevant. As to the social security disability information, the insurer has a right to understand the claimant's source of income compared to his expenses.

As to prejudice, we agree with the judge that as in *Rymsha,* it is unnecessary to make a separate showing that the insurer was prejudiced, because the failure to obtain reasonably relevant information met the test.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2002 Mass.App.Div. 217                                                                    Page 4
2002 Mass.App.Div. 217, 2002 WL 31939043 (Mass.App.Div.)
**(Cite as: 2002 WL 31939043 (Mass.App.Div.))**

For the foregoing reasons, the allowance of the
Motion for Summary Judgment is affirmed.

2002  Mass.App.Div.  217,  2002  WL  31939043
(Mass.App.Div.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Date of Printing: JAN 19,2005

## KEYCITE

**H** Yanis v. Metropolitan Property and Cas. Ins. Co., 2002 Mass.App.Div. 217, 2002 WL 31939043 (Mass.App.Div., Dec 24, 2002) (NO. 02WAD008)

### History
### Direct History

=>      1 **Yanis v. Metropolitan Property and Cas. Ins. Co.,** 2002 Mass.App.Div. 217, 2002 WL 31939043 (Mass.App.Div. Dec 24, 2002) (NO. 02WAD008)

### Related References (U.S.A.)

**H**      2 Yanis v. Metroplitan Property and Cas. Ins. Co., 2002 Mass.App.Div. 98, 2002 WL 987337 (Mass.App.Div. May 09, 2002) (NO. 02WAD001)

© Copyright 2005 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058 914 668, or their Licensors. All rights reserved.